UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASSANDRA C., | NO. 2:20-CV-0319-TOR |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14, 16). Plaintiff is represented by Christopher H. Dellert. Defendant is represented by Edmund Darcher. This matter was submitted for

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

consideration without oral argument.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's

motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,

substantial evidence equates to "more than a mere scintilla[,] but less than a

preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

standard has been satisfied, a reviewing court must consider the entire record as a

whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    In reviewing a denial of benefits, a district court may not substitute its

2    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

3    1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

4    rational interpretation, [the Court] must uphold the ALJ's findings if they are

5    supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

6    F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

7    ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless

8    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

9    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

10   decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

11   *Sanders*, 556 U.S. 396, 409-10 (2009).

12            **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

13            A claimant must satisfy two conditions to be considered "disabled" within

14   the meaning of the Social Security Act.  First, the claimant must be unable "to

15   engage in any substantial gainful activity by reason of any medically determinable

16   physical or mental impairment which can be expected to result in death or which

17   has lasted or can be expected to last for a continuous period of not less than 12

18   months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

19   impairment must be "of such severity that [he or she] is not only unable to do [his

20   or her] previous work[,] but cannot, considering [his or her] age, education, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1   work experience, engage in any other kind of substantial gainful work which exists

2   in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

3         The Commissioner has established a five-step sequential analysis to

4   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

5   416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

6   activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

7   gainful activity," the Commissioner must find that the claimant is not disabled.  20

8   C.F.R. § 416.920(b).

9         If the claimant is not engaged in substantial gainful activities, the analysis

10  proceeds to step two.  At this step, the Commissioner considers the severity of the

11  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

12  "any impairment or combination of impairments which significantly limits [his or

13  her] physical or mental ability to do basic work activities," the analysis proceeds to

14  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

15  this severity threshold, however, the Commissioner must find that the claimant is

16  not disabled.  *Id.*

17        At step three, the Commissioner compares the claimant's impairment to

18  several impairments recognized by the Commissioner to be so severe as to

19  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

20  416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1  enumerated impairments, the Commissioner must find the claimant disabled and

2  award benefits.  20 C.F.R. § 416.920(d).

3      If the severity of the claimant's impairment does meet or exceed the severity

4  of the enumerated impairments, the Commissioner must pause to assess the

5  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations (20 C.F.R. §

8  416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

9      At step four, the Commissioner considers whether, in view of the claimant's

10 RFC, the claimant is capable of performing work that he or she has performed in

11 the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12 capable of performing past relevant work, the Commissioner must find that the

13 claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14 performing such work, the analysis proceeds to step five.

15     At step five, the Commissioner considers whether, in view of the claimant's

16 RFC, the claimant is capable of performing other work in the national economy.

17 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18 must also consider vocational factors such as the claimant's age, education and

19 work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20 Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On March 14, 2018, Plaintiff protectively filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of January 19, 2016.  Tr. 279-285.  The application was denied initially, Tr. 153-168, and on reconsideration, Tr. 169-185.  Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on September 6, 2019.  Tr. 86-125.  At the hearing, Plaintiff, through her representative, amended the alleged onset date to March 14, 2018, the date the application was filed.  Tr. 17.  On September 30, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-31.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 14, 2018, the amended

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

onset date and date for which the application was filed.  Tr. 16.  At step two, the

ALJ found Plaintiff had the following severe impairments: chronic pain syndrome,

osteoarthritis, and obesity.  Tr. 18.  At step three, the ALJ found that Plaintiff's

impairments did not meet or medically equal the severity of a listed impairment.

Tr. 20.  The ALJ then found that Plaintiff had the RFC to perform a range of light

work with the following limitations:

> [Plaintiff] could lift no more than 20 pounds at a time occasionally
> and could lift or carry 10 pounds frequently.  She could sit for 8 hours
> and could stand and walk 6 hours total, in any combination, in an 8-
> hour workday with normal breaks.  She could frequently balance,
> stoop, kneel, crouch, crawl, or climb ramps/stairs.  She could never
> climb ladders or scaffolds.  She could never be exposed to unprotected
> heights or hazardous machinery.

Tr. 21.

At step four, the ALJ found that Plaintiff is capable of performing past

relevant work as a Production Assembler and Assembler I, which do not require

the performance of work-related activities precluded by Plaintiff's RFC.  Tr. 25.

At step five, the ALJ alternatively found that, considering Plaintiff's age,

education, work experience, RFC, and testimony from a vocational expert, there

were other jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as bench assembler, warehouse checker, garment

sorter, and mail clerk.  Tr. 26-27.  The ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from March 14, 2018 through September 30, 2019, the date of the ALJ's decision.  Tr. 27.

On July 8, 2020, the Appeals Council denied review, Tr. 1-3, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's medically determinable mental impairments;

2. Whether the ALJ's opinion properly deviated from medical expert opinions; and

3. Whether the ALJ properly found Plaintiff performed past work at the substantially gainful activity level.

ECF No. 14 at 2.

## DISCUSSION

### A.  Medically Determinable Impairments

Plaintiff contends the ALJ erred where he (1) failed to properly evaluate Plaintiff's mental impairments, (2) failed to properly rate Plaintiff's degree of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

mental dysfunction, (3) failed to support a finding that Plaintiff's mental limitations did not worsen since 2016, and (4) found that his determination would not have altered at step five of the sequential evaluation with an alternative finding and adoption of mental limitations.  ECF No. 14 at 10.

At step two of the sequential evaluation process, the ALJ considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

In evaluating a claimant's mental impairments, an ALJ follows a special two-step psychiatric review technique.  20 C.F.R. § 416.920a.  First, the ALJ must determine whether there is a medically determinable impairment.  20 C.F.R. § 416.920a(b)(1).  If the ALJ determines an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in the following four

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

broad functional categories: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  20 C.F.R. § 416.920a(c)(3).  If the ALJ rates the degree of limitation as "none" or "mild," the ALJ will generally conclude the impairment is not severe.  *Id.*  As to the first step, the impairment must be shown by objective medical evidence such as medically acceptable clinical or laboratory diagnostic techniques; a claimant's statement regarding symptoms, a diagnosis, or medical opinion is insufficient to establish the existence of an impairment.  20 C.F.R. § 416.921.

First, the ALJ found that Plaintiff had no medically determinable mental impairments.  Tr. 19-20.  The ALJ relied on Dr. Toews' assessment of the relevant period where he asserted that the medical record does not establish any medically determinable mental impairment where Plaintiff made her own claims of mental impairments without any record of formal assessments.  Tr. 19; 20 C.F.R. § 416.921.  While Plaintiff made various claims for mental diagnoses, Dr. Toews found no significant objective evidence, either clinical or objective psychiatric assessments, to indicate a basis for Plaintiff's claimed diagnoses.  Tr. 20.  The ALJ noted that Plaintiff's self-reported questionnaires were not useful for diagnostic or prescriptive purposes.  *Id.*  While Plaintiff reported PTSD, Plaintiff's clinician and adoptive mother stated there was no record or documentation of this.  *Id.*  While

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

Plaintiff reported a history of dyslexia, the provider provided no documentation for

the diagnosis. *Id.* (citing Tr. 447-448). While Plaintiff reported a childhood

diagnosis of ADHD, Plaintiff's adoptive mother reported that Plaintiff was never

tested for ADHD. *Id.* (citing 466-467, 444). Moreover, the ALJ also cited to a

July 2018 report from a mental health provider that Plaintiff had a history of

"making up medical information" so that it was difficult to tell whether Plaintiff

had a fixed psychosis or behavioral problem. *Id.* (citing Tr. 467, 489); *Holohan v.*

*Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Additionally, while a prior ALJ

decision found mental RFC limitations, the ALJ noted that during the relevant

period for this application beginning in 2018, Plaintiff's mental status examination

was within normal limits, Plaintiff provided reports and assessments that indicated

her mental symptoms were generally stable while on medications, and Plaintiff

reported being clean and sober. Tr. 20 (citing Tr. 126-147, 153-167, 169-184, 473,

523-577). The ALJ's finding was supported by substantial evidence in the record.

Plaintiff asserts there is objective medical evidence supporting the diagnoses

of anxiety disorder, depressive disorder, personality disorder, and bipolar disorder.

ECF No. 14 at 7. However, where evidence "is susceptible to more than one

rational interpretation, [the Court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at

1111. Plaintiff also contends that the ALJ "should have proceeded with the special

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

technique and rated the degree of Plaintiff's limitations across the four broad functional areas set out in 20 C.F.R. § 416.920a." ECF No. 14 at 7. Because the ALJ determined there were no medically determinable mental impairments, the ALJ was not required to rate those limitations. 20 C.F.R. § 416.920a(b)(1). Even where Plaintiff had a "colorable claim of mental impairment," the Court concludes that the ALJ did not make any harmful error where Plaintiff conceded at step three that mental impairments were not severe and where the ALJ nonetheless accounted for Plaintiff's mental impairments in a hypothetical RFC and found there was at least one job in the national economy she could perform. Tr. 21, 124; *see Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 726-727 (9th Cir. 2011).

In the alternative, the ALJ found that even if the RFC included Plaintiff's alleged mental limitations, there would be work she could perform in the national economy per the vocational expert's testimony. Tr. 20. Plaintiff asserts that the vocational expert's testimony that Plaintiff could perform the occupations of warehouse checker, garment sorter, and mail clerk with a restriction to simple 1 to 3 step tasks is contrary to the information contained in the *Dictionary of Occupational Titles* (DOT). ECF No. 14 at 8. "When there is an apparent conflict between the vocational expert's testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle – the ALJ is required to reconcile

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (internal citation omitted).  Dr. Anderson opined that Plaintiff "can understand, remember, and carry out 1-3 step simple, repetitive routine work instructions and tasks; can perform low stress level work.  She can sustain a typical work day/week within ordinary workplace expectations." Tr. 181.  The ALJ found that the vocational expert's testimony was consistent with the information in the DOT and that "[n]o evidence has been submitted indicating that the vocational expert testimony differed in any meaningful way from the information available in the DOT or the SCO." Tr. 26.  The vocational expert testified that if the mental limitations were incorporated into the RFC, the job of bench assembler would be precluded but Plaintiff would nonetheless be able to perform other jobs like warehouse checker and garment sorter.  Tr. 122-123; DOT 222.687-010; DOT 222.687-014.  Plaintiff's citation to *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1003 (9th Cir. 2015), is distinguishable where a restriction to 2 step tasks conflicted with a reasoning level of 2.  Here, Plaintiff was not restricted to 2 step tasks.  There is no apparent conflict between the DOT and the vocational expert's testimony that Plaintiff could perform the occupations of warehouse checker and garment sorter

1    under the hypothetical incorporation of Plaintiff's mental limitations.  Therefore,

2    the ALJ's alternative finding was supported by substantial evidence.

3        The Court finds any error harmless.  Step two was resolved in Plaintiff's

4    favor, and the ALJ considered the alleged mental limitations in the RFC and found

5    other jobs in the national economy that could be performed if such limitations were

6    included; either way, Plaintiff would still not be found disabled at step five of the

7    sequential evaluation.  Tr. 20; *see Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d

8    1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

9    Therefore, any error in not finding that Plaintiff had no medically determinable

10   mental impairment was harmless.

11   **B.  Medical Opinion Evidence**

12       Plaintiff challenges the ALJ's partial departure from the medical opinions of

13   Dr. J.D. Fitterer, M.D. and Dr. Donna LaVallie, D.O.  ECF No. 14 at 10-13.  The

14   Court notes that Plaintiff does not challenge the ALJ's findings regarding the other

15   medical opinion evidence of Dr. Gary Gaffield, D.O., Dr. Jay Toews, Ed.D., Dr.

16   Robert Smiley, M.D., Dr. Christmas Covell, Ph.D., and Dr. Jon Anderson, Ph.D.

17   *See* ECF No. 14.

18       As an initial matter, for claims filed on or after March 27, 2017, new

19   regulations apply that change the framework for how an ALJ must evaluate

20   medical opinion evidence.  20 C.F.R. § 416.920c(c); *see also Revisions to Rules*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

*Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title XVI claim after March 27, 2017.  *See* Tr. 17, 24.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight … to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867-68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a)-(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 416.920c(c)(1)-(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. § 416.920c(b)(2).  These factors are explained as follows:

(1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    more persuasive the medical opinions or prior administrative medical
      finding(s) will be.

2
3    (2) *Consistency*.  The more consistent a medical opinion(s) or prior
      administrative medical finding(s) is with the evidence from other medical
      sources and nonmedical sources in the claim, the more persuasive the
4     medical opinion(s) or prior administrative medical finding(s) will be.

5    20 C.F.R. § 416.920c(c)(1)-(2).

6       The ALJ may, but is not required to, explain how "the other most persuasive

7    factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

8    § 416.920c(c)(b)(2).  However, where two or more medical opinions or prior

9    administrative findings "about the same issue are both equally well-supported …

10   and consistent with the record … but are not exactly the same," the ALJ is required

11   to explain how "the most persuasive factors" were considered.  20 C.F.R.

12   § 416.920c(c)(b)(2).

13      The Ninth Circuit currently requires the ALJ to provide "clear and

14   convincing" reasons for rejecting the uncontradicted opinion of either a treating or

15   examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  When a

16   treating or examining physician's opinion is contradicted, the Ninth Circuit held

17   the medical opinion can only "be rejected for specific and legitimate reasons that

18   are supported by substantial evidence in the record."  *Id.* at 830-31 (internal

19   citation omitted).  At this time, the Ninth Circuit has not addressed whether these

20   standards still apply when analyzing medical opinions under the new regulations.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

For purposes of the present case, the Court finds that resolution of this issue is unnecessary.  *See Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005) ("[T]he Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from unambiguous terms of the statute and thus leaves no room for agency discretion.'")).

### 1. Dr. Fitterer and Dr. LaVallie

The ALJ found the opinions of state agency medical consultants Drs. Fitterer and LaVallie somewhat persuasive.  Tr. 24.  The ALJ noted that their opinions were based on a review of the medical record at the time of the consultation.  *Id.* However, in contrast, the ALJ explained that Dr. Smiley based his opinion on the entire medical record, including more recent medical evidence, including documentation of consistent treatment at a pain center that occurred following the assessments of Dr. Fitterer and Dr. LaVallie where treatment was effective, as explained earlier in the ALJ's opinion.  *Id.*  The ALJ noted the pain center records "consistently reported improvements in overall functioning and ability to perform household responsibilities and activities of daily living to her satisfaction with medication" including a 5/5 strength in the bilateral upper and lower extremities. Tr. 23 (citing Tr. 447-465, 578-621).  Therefore, the ALJ found Dr. Smiley's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    opinion more supported by and consistent with the entire medical record because

2    Dr. Smiley reviewed the entire medical record, including more recent medical

3    evidence.  20 C.F.R. § 416.920c(c)(1)-(2).

4        Plaintiff argues that the ALJ "did not address or specifically discount the

5    medical consultants' assessment of fingering and feeling limitations arising from

6    Plaintiff's history of carpel tunnel syndrome and carpel tunnel release surgery."

7    ECF No. 14 at 13.  However, the ALJ considered and cited to Plaintiff's carpal

8    tunnel surgery in evaluating other medical opinions.  Tr. 18-19, 25.  The ALJ noted

9    that Dr. Smiley testified while Plaintiff "has a history of bilateral carpal tunnel

10   syndrome and trigger fingers… these issues were treated with successful bilateral

11   carpal tunnel release/middle and ring finger trigger release surgeries in 2014."  Tr.

12   19 (citing Tr. 413, 416, 693, 700).  Additionally, the ALJ noted that Dr. Gaffield

13   found no manipulative limitations in a May 2018 examination.  Tr. 25.  While the

14   ALJ did not specifically address the carpal tunnel syndrome and subsequent

15   surgery as a basis for departing from Drs. Fitterer and Lavallie's opinions, the

16   Court may infer that the ALJ found it inconsistent with the record where the ALJ

17   considered and cited to the lack of manipulative limitations in the other medical

18   opinion evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1    Therefore, the ALJ's partial departure from the opinions of Dr. Fitterer and Dr.

2    LaVallie is supported by substantial evidence in the record.

3    **C.  Substantially Gainful Employment**

4        Plaintiff challenges the ALJ's finding that Plaintiff's past work constituted

5    substantial gainful activity.  ECF No. 14 at 13-15.

6        At step four, the ALJ determines whether a claimant can still perform past

7    relevant work.  20 C.F.R. § 416.920(A)(4)(iv).  If not, the ALJ must then

8    determine at step five whether the claimant can adjust to other work.  20 C.F.R. §

9    416.920(A)(4)(v).  Past relevant work must be performed (1) within the past 15

10   years, (2) at a substantially gainful level, and (3) long enough to learn to do the job.

11   20 C.F.R. § 416.960(b)(1).  If the earnings are below the presumptive level of

12   substantially gainful employment for a given year, evidence that a claimant's work

13   was comparable to that of an unimpaired person in the same occupation may still

14   serve as evidence of being engaged in substantially gainful activity.  20 C.F.R. §

15   416.974(b)(3)(ii)(A),

16       The ALJ determined at step four that Plaintiff was not disabled because she

17   could perform past relevant work as a product assembler and assembler I.  TR. 25-

18   26.  The ALJ found that Plaintiff performed both positions within the last 15 years

19   at a substantially gainful level and long enough to learn the positions.  Tr. 25.

20   Plaintiff primarily disputes that Plaintiff actually worked at a substantially gainful

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

level in either position.  ECF No. 14.  Plaintiff's work history report as cited by the

ALJ and vocational expert, shows that she made $400 per week in both positions in

the years 2007-2008.  Tr. 331, 337-338.  However, Plaintiff asserts that her actual

earnings in those positions were below the required level; in one job, she was fired

after two weeks for drinking on the job.  ECF No. 14 at 14; *see* Tr. 337.  At the

very least, there is a discrepancy in the documents between Plaintiff's reported

work history and actual earnings that the ALJ failed to develop or explain.  Tr. 25;

*see Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  However, the ALJ

relied on the vocational expert's testimony to find that Plaintiff's work was

comparable to an unimpaired person when she was working.  Tr. 25-26, 118-119;

20 C.F.R. § 416.974(b)(3)(ii)(A).  The ALJ's finding is supported by substantial

evidence.

Even if the ALJ erred at step four, such error is harmless if the ALJ finds

work that a claimant is able to perform at step five.  *Tommasetti v. Astrue*, 533

F.3d 1035, 1042 (9th Cir. 2008).  As discussed *supra*, the ALJ found a person with

Plaintiff's RFC capable of performing occupations in the national economy,

including under the hypothetical of mental limitations.  Tr. 26-27.  This is

consistent with the prior ALJ's determination that Plaintiff could perform jobs at

step five despite Plaintiff's mental health limitations.  Tr. 21, 72-76, 140; *Lester v.*

*Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  Therefore, the ALJ's error at step four,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

if any, was harmless.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 16) is

    **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment

accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED August 2, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21